ADA S. LINK ET AL. v. CITY OF HOUSTON.

No. 981.    Decided February 7, 1901.

1. Practice in Supreme Court.

The Supreme Court is confined, in its action, to the grounds set up in the application for writ of error. (P. 383.)

2. Cities—Taxation—Limitation—Constitutional Law.

The Legislature has no power, by amendment to the charter of a city, to provide a period of limitation which would bar existing claims of the city for taxes, without allowing it a reasonable time thereafter to sue upon such claims. (Pp. 378-381, 382.)

3. Query—Cities—Taxation—Suit After Sale for Taxes.

Whether a summary sale for taxes and purchase by the city extinguished, by satisfaction, its right to suit and foreclosure, questioned but not decided. (P. 383.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Harris County.

The city sued for and had judgment foreclosing its lien for taxes on the property of Link and Patillo, who appealed, and on affirmance obtained writ of error.

The opinion of the Court of Civil Appeals in this cause is as follows:

"GILL, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Harris County by the City of Houston, defendant in error, for the purpose of recovering taxes levied for the years 1888, 1889, 1891, and 1893 to 1898, both inclusive, and to foreclose a lien upon the lands against which they were assessed.

"Plaintiffs' original petition was filed July 8, 1898, and made the Galveston, Houston & Henderson Railway Company and Mrs. J. B. Link parties defendant.

"On September 26, 1898, the railway company filed a disclaimer. On May 4, 1899, plaintiff filed an amended petition suing for the taxes due for the years 1888, 1889, 1891, 1893, 1897, and 1898. On August 26, 1899, plaintiff filed second amended original petition making said railway company, Mrs. J. B. Link, and T. J. Patillo parties defendant, and suing for the taxes for the years as set out in the original petition. In each of said petitions it was averred that for each of the years named the property had been sold for the taxes due thereon, in accordance with the provisions of the city charter and ordinances, and had been bought in by the city and deed duly made, all the preliminaries required by law having been performed.

"Defendants Link and Patillo answered by general demurrer and a plea of limitation of four years. Upon trial before the court without a jury judgment was rendered in favor of appellee for the taxes and costs alleged to be due for each of the years named in the second amended petition, with lawful interest, and for the amounts prayed for. The tax lien was foreclosed upon the real estate against which the taxes were levied and assessed and order of sale was decreed in the usual form. No personal judgment was rendered against any of the persons named as defendants. No statement of facts appears in the record and the trial court filed no findings of fact. There are no briefs for appellee. The cause is here upon writ of error and the judgment is assailed as erroneous upon two grounds, viz: 1. It was error to render a personal judgment against plaintiffs in error. 2. The court erred in refusing to sustain defendants' plea of limitation of four years, the petition showing upon its face that the taxes due for at least some of the years named had been due for more than four years prior to the institution of the suit.

"The first ground of complaint has been disposed of by the statement that no personal judgment was rendered. The question of limitation was not raised by exception to the petition, but by plea in bar. Whether on this state of the pleading the assignment can be noticed by this court in the absence of a statement of facts will not be considered. We will dispose of the case on the assumption that it is properly presented. The pleadings of plaintiff disclose that the taxes for each year were due in July. The original petition declared upon taxes due for the years 1888, 1889, 1891, 1893, and 1897, and was filed on July 8, 1898, thus disclosing that taxes due for all the years named except 1897 had been due and payable for more than four years prior to the filing of the petition.

"The first amendment was filed May 4, 1899, and prayed judgment for the taxes due for the years named in the original petition and for the year 1898 in addition. In the second amended petition, filed August 21, 1899, and upon which the cause was tried, the city sought judgment for taxes for the years 1894, 1895, and 1896 in addition to the taxes for the years previously declared on, thus showing that in addition to those years which would be barred if the four year statute were operative, the years 1894 and 1895 would come within

the bar. Section 40 of the charter of the city of Houston providing for the plea of four years limitation in bar of suits by the city for taxes took effect May 26, 1899, and if available to defendants in this cause is a bar to recovery for each of the years named except 1896, 1897, and 1898, but because suit was pending for the taxes for the years 1888, 1889, 1891, and 1893 at the time the act went into effect, and in view of the questions decided in Ollivier v. City of Houston, 22 Texas Civil Appeals, 55, it is not insisted that the act affects the right to recover for the years for which suit was pending. In the case cited judgment in favor of the city of Houston for the years 1892 and 1893 was affirmed, the act in question having gone into effect subsequent to the institution of the suit.

"A question not expressly decided in that case is, whether there must be accorded to the city a reasonable time after the act became a law in which to bring suit on claims due for more than four years at the time the act went into effect. We think, however, the principle involved was there decided. If it was not within the power of the Legislature to relinquish the city's claims for taxes, by means of a law of limitation expressly applying to pending suits, we think it follows that the law can not be given an effect which would amount to such relinquishment by denying to the city a reasonable time thereafter in which to sue upon such claims. A law prescribing a period of limitation has no effect upon the claims of individuals though past due for the period of limitation named, unless the owner of the debt or claim should fail to sue thereafter within a reasonable time. Boon v. Chamberlain, 82 Texas, 480.

"What is a reasonable time within which the suit should be brought is a question of fact to be determined by the trial court in each instance, and in the absence of a statement of facts and findings of fact by the trial judge it will be presumed that he determined this issue in favor of the plaintiff below.

"We can not hold as matter of law that the time which elapsed between the time the law went into effect and the time the amendment was filed was an unreasonable time.

"But plaintiff in error further contends that though it should be held that the four year statute does not bar the matters involved in this suit, yet the provisions of the charter of the city of Houston contained in the Special Laws of 1889, chapter 11, section 33, and of 1893, chapter 5, section 50, had operated as a bar to the city's right to sue long prior to the enactment of article 17, section 40, Special Laws of 1899.

"By chapter 11, section 33, of Special Laws of 1889, the city is forbidden to bring any suit for the collection of taxes assessed after July, 1889, but is required to pursue the summary remedy of levy and sale. After the purchase of the property at such sale by the city or by an individual, the city or such individual is permitted to sue the party so owing such taxes, for the amount of the tax and 50 per cent thereon and costs of advertisement and sale, provided the suit

be brought within one year from the date of the sale. The same provisions were carried into the city charter of 1893. Special Laws of 1893, chap. 5, sec. 50. Up to the passage of the Act of 1899 above referred to limitation did not run against cities and towns.

"It will be observed that the provisions of 1889 and 1893 above referred to do not purport to extinguish the city's claim for taxes, but in prescribing a remedy simply provide that the city shall not resort to suit after the expiration of one year from the sale. It was not a law of limitation, but simply prescribed the method to which the city might resort for the collection of her taxes.

"Section 50 of chapter 1, Special Laws 1895, had the effect to repeal the inhibition against suit by the city for the collection of taxes, and specifically authorized suit for any taxes due.

"Section 40 of chapter 7, Special Laws 1897, provides that 'all taxes due by property owners for the year 1875 up to and including the year 1896 and for all years to come, until otherwise provided, may be collected by suit from delinquents and foreclosure of lien in any court having jurisdiction.' It further provides: 'For the years 1890, 1891, 1892, 1893, and 1894, the deed executed by the sales made by the collector during said years of property for taxes in accordance with the charter of the city in force during those years shall also be prima facie evidence that the tax on the property is due and unpaid.'

"It is thus seen that the objections of plaintiff in error are answered by the charter provisions themselves, none of which are assailed as invalid.

"We are of opinion that the judgment of the trial court is without error and should be affirmed."

*George H. Breaker,* for plaintiffs in error.—The second amended petition was a new cause of action as to the taxes for the years 1884, 1885, and 1886, which were not included in the previous petitions, and was therefore, under the ruling of the Supreme Court and Court of Civil Appeals in Ollivier v. City of Houston, 54 Southwestern Reporter, 940, 943, clearly barred by limitation as to the years 1884 and 1885. The court therefore erred in rendering judgment for those years. Ollivier v. City of Houston, 22 Texas Civ. App., 55.

Plaintiffs' suit was barred as to all the years sued for by the four years limitation, except the years 1886, 1887, and 1888, and the court therefore erred in rendering judgment for the years 1888, 1889, 1891, 1893, 1894, and 1895. See the various charters of the city of Houston and amendments thereof as follows: Spec. Laws 1889, pp. 108, 109, chap. 11, sec. 33; Spec. Laws 1893, pp. 38, 39, chap. 5, sec. 50; Spec. Laws 1895, p. 8, chap. 1, sec. 50; Spec. Laws 1897, p. 72, chap. 7, sec. 40; Spec. Laws 1899, pp. 186, 188, chap. 17, sec. 40.

The charters of the city of Houston of 1889 and 1893 having expressly provided that "no suit shall be brought for taxes assessed after the first day of July, 1889," and that "at any time after the sale

of any property (by the city tax collector) to the city or to any person, of property for the taxes due thereon and before the expiration of twelve months after such sale, the city or such person, as the case may be, may institute suit for the amount of such taxes," it was certainly competent for the Legislature in 1899 to provide a period of four years limitation to the filing of such suit, and not a violation of section 55, article 3 of the Constitution of the State of Texas, at least as to the taxes for the years 1888, 1889, 1891, 1893, 1894, and 1895, as at the time when those taxes became due it was the law of the city, as provided by the charter which created the taxes, that the suits must be brought within one year after. the time when the property had been sold by the tax collector and that no suits could be brought for taxes assessed after the first day of July, 1889, as above stated. The four years amendment to the charter of 1899 was therefore clearly not a release or extinguishment, in whole or in part, of any indebtedness, liability, or obligation to the city of Houston, as the law which created the obligation or indebtedness at the same time fixed a period in which it was required to be enforced by suit.

*Joe M. Sam*, for defendant in error. The city of Houston, under the charter amendments of 1899, had a reasonable time within which to bring suits for taxes when said amendment illegally attempted to take away the rights of the city to collect taxes due it, and did not provide a reasonable time within which to bring suits for taxes due. Boon v. Chamberlain, 82 Texas, 482; Ollivier v. City of Houston, 22 Texas Civ. App., 55; Pereles v. Watertown, 6 Biss., 79; Osborn v. Jaines, 17 Wis., 592; Pleasants v. Rohrer, 17 Wis., 595; Willard v. Harvey, 24 N. H., 344; Stine v. Bennett, 13 Minn., 153.

Retroactive laws can be passed by the Legislature, and will be enforced by the courts, which only affect the remedy. Boon v. Chamberlain, 82 Texas, 480; New Orleans v. Clark, 95 U. S., 644; Dill. Mun. Corp., sec. 44; Wade on Retroactive Laws, secs. 241, 242.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by the city against the plaintiff in error for taxes alleged to be due upon property for the years 1888, 1889, 1891, and for the years from 1893 to 1898, inclusive, and to enforce a lien upon the property to secure their payment. The defensive pleadings were, (1) a general demurrer (never acted upon), (2) a general denial, and (3) a plea of the statute of limitations of four years. Judgment was rendered by the District Court establishing and foreclosing a lien in favor of the city upon the property for the taxes sued for but denying a personal judgment against defendants. Upon appeal to the Court of Civil Appeals, the only ground relied on to reverse this judgment was that the taxes were barred by four years limitation, prescribed by the amendment to the charter of Houston of May 26, 1899, and that court determined such contention in favor of the city and affirmed the judgment.

Upon application for writ of error, this court was of opinion, which

it still holds, that the Court of Civil Appeals had properly disposed of this point, but thought that for another reason there was error in the affirmance of the judgment. Some of the taxes sued for accrued during years when the provisions of the charter of 1889 and the amendment thereof of 1893 were in force, and by their provisions the city was required to sell property charged with taxes in accordance with ordinances to be passed regulating such sales, and one year was given to the owner to redeem property sold, within which the city or any other person who had purchased at the sale might sue for the taxes and penalties. The petition alleged that regular sales had been made of the property during the years while these provisions were in force, and that the city had purchased the property and no suits had been brought under these provisions. The question which occurred to us was whether, under these provisions, the city's right to the taxes for these years had not, by the sales, alleged to have been regular and lawful, been extinguished, not by limitation but by satisfaction. But the question thus suggested is not presented by the application for writ of error, which relies solely on the ground of limitation and in no way claims that the right of the city to its taxes was ever satisfied. It may be that had its attention been called to the point, the Court of Civil Appeals might have considered it as involving an error apparent of record (Batts' Civil Statutes, article 1014), but there is no such provision with reference to this court, its action being confined to the grounds set up in the application for writ of error. Batts' Stats., arts. 942, 967.

The judgment must therefore be affirmed without a decision of the point suggested, upon which no opinion is intimated.

*Affirmed.*